UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

   - v. -

C-MORE SYSTEMS, INC.,

               Defendant.

:   INFORMATION

:   06 Cr. ___

- - - - - - - - - - - - - - - - - - x

**06 CRIM. 925**

COUNT ONE

(Unlawful Possession of Trade Secrets)

The United States Attorney charges:

At all times relevant to this Information:

### Background

1. C-MORE SYSTEMS, INC., ("C-MORE SYSTEMS"), the defendant, was a company headquartered in Manassas, Virginia.

2. C-MORE SYSTEMS was in the business of manufacturing firearms and firearms components.

3. C-MORE SYSTEMS was owned and controlled by Ira M. Kay, who served as its President.

4. Colt's Manufacturing Company, Inc. ("Colt's"), was a firearms manufacturer located in West Hartford, Connecticut.

5. In or about 1997, Colt's and Ira M. Kay entered into a consulting agreement. Thereafter, in connection with that agreement, Kay had entry and access to Colt's West Hartford, Connecticut manufacturing facility.

6. Among other firearms, Colt's manufactured the M-4

carbine rifle, sales of which generated significant revenues to Colt's. Colt's M-4 carbine was produced for, and placed in, interstate and foreign commerce.

7. Colt's designs for the component parts of the M-4 carbine were reflected in schematic diagrams kept in hard-copy and in electronic format. Numerous of these schematic diagrams contained scientific, technical, and engineering information which Colt's took reasonable steps to keep confidential, and which derived independent economic value from not being generally known to, or readily ascertainable through proper means by, the public. One such schematic diagram reflected the design for part number 64087, which is an "Extractor Buffer" ("PN 64087"). PN 64087 was used in connection with the extraction of ejected shell casings from the M-4 carbine after the carbine has been fired. Among other things, confidential and proprietary scientific, technical and engineering characteristics (including manufacturing tolerances) necessary for the proper functioning of PN 64087 and the M-4 carbine were reflected in Colt's schematic diagram for PN 64087.

### Statutory Allegation

8. From at least in or about 1998, to on or about January 16, 2003, in the Eastern District of Virginia, and elsewhere, C-MORE SYSTEMS, the defendant, knowingly, wilfully,

and unlawfully did possess and attempt to possess a trade secret that is related to and included in a product that is produced for and placed in interstate and foreign commerce with the intent to convert that trade secret to the economic benefit of someone other than the owner thereof, and intending and knowing that the offense would injure the owner of the trade secret, to wit, C-MORE SYSTEMS possessed schematic diagrams for PN 64087 of Colt's M-4 carbine, knowing the same to have been converted without authorization.

(Title 18, United States Code, Sections 1832(a)(3) and 1832(a)(4), and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

9.  As a result of committing the offense alleged in Count One of this Information, C-MORE SYSTEMS, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1834, (1) any property constituting, and derived from, proceeds obtained directly and indirectly as the result of such violations; and (2) any property used, and intended to be used, in any manner and part, to commit and facilitate the commission of such violation, including but not limited to the following:

   a.  approximately 14 Colt's CAD drawings, identified with FBI evidence control number as "Item 1";

b.  approximately three Colt's CAD drawings, identified with FBI evidence control number as "Item 2";

c.  approximately 16 Colt's hard copy documents, identified with FBI evidence control number as "Item 3";

d.  approximately seven Colt's hard copy documents, identified with FBI evidence control number as "Item 4";

e.  approximately 142 Colt's hard copy documents, identified with FBI evidence control number as "Item 5";

f.  one Maxtor 14.4 GB Hard Drive Model Number 91531U3, S/N G3H7NPVC;

g.  nineteen floppy diskettes and one zip disc, identified with FBI evidence control number as "Item 7";

h.  approximately four Colt's hard copy documents, identified with FBI evidence control number as "Item 8";

i.  one Western Digital Hard Drive Model Number WD400EB-00CPF0, S/N WD-WCAAT8846289;

j.  one Quantam Hard Drive, Model Number Bigfoot-CY6480, S/N 866730110995;

4

k.  twelve floppy disks and two zip disks, identified with FBI evidence control number as "Item 11";

l.  approximately nine Colt's hard copy documents, identified with FBI evidence control number as "Item 12";

m.  one Colt's hard copy document, identified with FBI evidence control number as "Item 13";

n.  approximately 23 Colt's CAD drawings, identified with FBI evidence control number as "Item 14";

o.  one manila folder and one hard copy document, identified with FBI evidence control number as "Item 15";

p.  approximately seven floppy disks and three CD-ROMS, identified with FBI evidence control number as "Item 16";

q.  approximately 10 Colt's hard copy documents, identified with FBI evidence control number as "Item 17";

r.  approximately 22 Colt's hard copy documents, identified with FBI evidence control number as "Item 18";

s.  approximately 44 CD-ROMS and two floppy disks,

identified with FBI evidence control number as "Item 19";

t.  one Western Digital Hard Drive, Model WDC-WD400BB-32CFCO, S/N WD-WMA9J140601;

u.  one Western Digital Hard Drive, Model WD400BB32CFO, S/N WD-WMA9J139831;

v.  one Western Digital Hard Drive, Model WD400BB-32CFO, S/N WD-WMA9J132691;

w.  one Western Digital Hard Drive, Model WD400BB-32CFCO, S/N WMA9J1398311;

x.  one Fujitsu Hard Drive, Model MPF3102AT, S/N 05141318.

## Substitute Asset Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which

6

cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeited property.

(Title 18, United States Code, Section 1834.)

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

C-MORE SYSTEMS, INC.,

Defendant.

---

**INFORMATION**

**06 Cr. \_\_\_\_**

---

MICHAEL J. GARCIA
United States Attorney

---

Joseph V. De Marco
Assistant United States Attorney
(212) 637-2203